# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>KANES FURNITURE, LLC, D/B/A/ KANE'S FURNITURE,<br><br>Defendant. | Civil Action No. _____<br><br>COMPLAINT<br>AND DEMAND FOR JURY TRIAL<br><br>INJUNCTIVE RELIEF SOUGHT |

## NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful sex-based employment practices and to provide appropriate relief to Charging Party Alexis Cross ("Cross") and a class of female applicants for employment who were adversely impacted by such practices. As alleged with greater specificity below, Defendant Kanes Furniture, LLC, d/b/a Kane's Furniture ("Kane's") failed to hire women for delivery driver, delivery assistant, and warehouse associate positions in Florida based on their sex (female). EEOC also alleges that Kane's failed to file EEO-1 reports as required by Title VII, 42 U.S.C. § 2000e-8(c), and regulations issued thereunder, 29 C.F.R. § 1602.7-1062.14.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,

1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Venue is proper because a substantial part of the events giving rise to Title VII violations occurred in the Middle District of Florida. Further, Kane's is headquartered in Pinellas Park, Florida, which is within the jurisdiction of the U.S. District Court for the Middle District of Florida, Tampa Division.

## PARTIES

3. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant Kane's is a limited liability company registered to do business in Florida, has continuously done business in Florida, and at all relevant times, employed at least 15 employees.

5. Kane's is a furniture store business that operates at least 17 locations throughout Florida.

6. At all relevant times, Kane's has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## CONDITIONS PRECEDENT

7. More than thirty days prior to the institution of this lawsuit, Ms. Cross filed a Charge of Discrimination with EEOC alleging that Kane's violated Title VII.

8. EEOC issued a Letter of Determination, finding reasonable cause to believe that Kane's discriminated against Ms. Cross and a class of female applicants based on sex. EEOC's Letter of Determination further found reasonable cause to believe that Kane's failed to file EEO-1 reports.

9. Prior to initiating this lawsuit, EEOC attempted to correct the unlawful employment practices alleged herein through informal methods of conciliation, conference, and persuasion, to remedy the discriminatory practices and provide appropriate relief.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

**A. Kane's Failed to Hire Ms. Cross**

11. Ms. Cross is a woman with one year of experience as a delivery driver at the time she applied for a delivery driver position with Kane's.

12. In 2021, Kane's advertised online that it was hiring delivery drivers.

13. In response to a Kane's online job advertisement, on October 13, 2021, Ms. Cross applied to a Kane's delivery driver opening.

14. The minimal requirements for the Kane's delivery driver position

consisted of:

> Required Skills/Abilities/Credentials
> - All candidates MUST have a valid Florida driver's license
> - Acceptable driving record
> - Must pass pre-employment criminal background and drug test
> - Previous experience in driving a box truck a plus
> - Able to lift 75+ pounds with assistance (team lifting)
> - Strong customer service skills
> - Work schedule is Tuesday through Saturday – you will be home every evening
>
> Position based out of the Corporate Distribution Center located in Pinellas Park, Florida; (St. Petersburg).

15. Ms. Cross was qualified for the Kane's delivery driver position.

16. After Ms. Cross applied, she received an email from Kane's inviting her to attend a job fair at its Corporate Distribution Center on October 14, 2021.

17. The job fair invitation stated that Kane's would be holding on-the-spot interviews for warehouse and delivery positions and it would be making on-the-spot job offers.

18. The next day, on October 15, 2021, Ms. Cross went to the Kane's job fair.

19. At the job fair, Ms. Cross met with Tevori Blake, a Kane's Corporate Recruiter.

20. Mr. Blake informed Ms. Cross that Kane's was looking to hire a man for the delivery driver position, and that it could not offer her the position because she was female.

21. Mr. Blake further stated that the driver position required heavy lifting when unloading trucks.

22. Ms. Cross explained to Mr. Blake that she was a FedEx delivery driver and had experience lifting heavy objects alone.

23. Mr. Blake stated that Ms. Cross's experience at FedEx was likely limited to small delivery vehicles, not large trucks like those used by Kane's for deliveries.

24. Ms. Cross advised Mr. Blake that she was in fact experienced with large trucks.

25. Nevertheless, Mr. Blake told Ms. Cross that she could not be hired because Kane's wanted to hire a man for the delivery driver position.

26. Mr. Blake had authority to hire candidates for employment to the delivery driver position.

27. Mr. Blake had authority to reject candidates for employment to the delivery driver position.

28. Kane's never hired Ms. Cross for the delivery driver position.

29. Kane's decision not to hire Ms. Cross for the delivery driver position was made pursuant to its standard operating procedure of not hiring women for such positions.

30. Ms. Cross suffered damages as a result of the conduct described herein.

**B. Kane's Failed to Hire a Class of Women**

31. From at least August 2021 to February 2023, Kane's maintained a standard operating procedure of denying employment to female applicants for delivery driver, delivery assistant, and warehouse associate positions based on sex.

32. Specifically, Kane's Chief Executive Officer, Irwin Novak, instructed

Kane's personnel not to hire women for driver or warehouse associate positions.

33. Qualified women applied for delivery driver, delivery assistant, and warehouse associate positions at Kane's.

34. Nevertheless, from August 2021 to February 2023, Kane's did not hire any women for delivery driver, delivery assistant, or warehouse associate positions.

35. Kane's intentionally excluded female applicants for employment to delivery driver, delivery assistant, and warehouse associate positions based on sex.

36. Kane's intentionally denied female applicants for employment to delivery driver, delivery assistant, and warehouse associate positions based on sex.

37. The class of aggrieved female applicants suffered damages as a result of the conduct described herein.

C. **Kane's Failed to File Employer Information Reports**

38. In 2020, Kane's failed file an accurate and complete Employer Information Report EEO-1 ("EEO-1 report").

39. In 2021, Kane's failed file an accurate and complete EEO-1 report.

40. During EEOC's investigation into Ms. Cross's Charge of Discrimination, EEOC requested EEO-1 reports from Kane's.

41. Kane's failed to produce any EEO-1 reports to EEOC.

## STATEMENT OF CLAIMS

### Count I
### (Discrimination Against Ms. Cross in Violation of Title VII)

42. Paragraphs 11 to 37 are fully incorporated herein.

43. Kane's engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Ms. Cross to sex discrimination.

44. Specifically, Kane's discriminated against Ms. Cross based on her sex by failing to hire her because she is a woman.

45. The effect of the practices complained of in Paragraphs 11 to 37, above, has been to screen out women, including Ms. Cross, from obtaining employment with Kane's, and to deprive women, including Ms. Cross, of equal employment opportunities.

46. The unlawful employment practices complained of in Paragraphs 11 to 37, above, were done intentionally and with malice and/or with reckless indifference to the federally protected rights of Ms. Cross.

47. Ms. Cross suffered damages as a result of the conduct described herein.

### Count II
### (Discrimination Against Class of Aggrieved Female Applicants for Employment in Violation of Title VII)

48. Paragraphs 11 to 37 are fully incorporated herein.

49. Kane's engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting a class of aggrieved female applicants for employment to sex discrimination.

50. Specifically, Kane's discriminated against a class of aggrieved female applicants for employment for the delivery driver, delivery assistant, and warehouse associate positions based on their sex by failing to hire them because they are women.

51. The effect of the practices complained of in Paragraphs 11 to 37, above, has been to screen out women from obtaining employment with Kane's, and to deprive women of equal employment opportunities.

52. The unlawful employment practices complained of in Paragraphs 11 to 37, above, were done intentionally and with malice and/or with reckless indifference to the federally protected rights of a class of aggrieved female applicants for employment.

53. The class of aggrieved female applicants suffered damages as a result of the conduct described herein.

## Count III
### (Failure to Complete EEO-1 Reporting in Violation of Title VII)

54. Paragraphs 38 to 41 are fully incorporated herein.

55. Since at least 2020 to the present, Kane's has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), and regulations issued thereunder, 29 C.F.R. § 1602.7-1602.14, to prepare, execute, and file accurate and complete EEO-1 reports.

56. Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), authorizes EEOC to require employers to make records, preserve records, and report to EEOC concerning records "relevant to the determinations of whether unlawful practices have been or are being committed."

57. By regulations codified at 29 C.F.R. §§ 1602.7-1602.14, EEOC requires all employers with more than one hundred employees, such as Kane's, to file an

annual EEO-1 report with EEOC or its delegate.

58. The regulations also require employers to retain and make available such reports when requested by EEOC during its investigation of charges.

59. During the investigation of Ms. Cross's Charge of Discrimination, EEOC requested EEO-1 reports from Kane's.

60. Kane's failed to produce any EEO-1 reports.

61. Kane's failed to file such EEO-1 reports as required by law.

## **PRAYER FOR RELIEF**

WHEREFORE, EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Kane's, its officers, agents, servants, managers, employees, and all persons in active concert or participation with it, from participating in discriminatory conduct based on sex;

B. Order Kane's to institute and carry out policies, practices, and programs which provide equal employment opportunities for prospective female employees and which eradicate the effects of its past and present unlawful employment practices;

C. Order Kane's to make Ms. Cross, and the class of aggrieved female applicants, whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including but not limited to instatement and/or front pay;

D. Order Kane's to make Ms. Cross, and the class of aggrieved female applicants, whole, by providing compensation for past and future pecuniary and non-

pecuniary losses resulting from the unlawful employment practices described above, including, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

     E.    Order Kane's to pay Ms. Cross and the class of aggrieved female applicants punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

     F.    Order that Kane's, without further delay, prepare, execute, and file accurate and complete EEO-1 reports as required by law for each calendar year from 2020 to the present;

     G.    Grant such further relief as the Court deems necessary and proper in the public interest; and

     H.    Award EEOC its costs of this action.

### **JURY TRIAL DEMAND**

EEOC requests a jury trial on all questions of fact raised by its Complaint.

Date: September 13, 2023

                                      Respectfully submitted,

                                      U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

                                      GWENDOLYN YOUNG REAMS
Acting General Counsel
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, DC 20507

ROBERT E. WEISBERG
Florida Bar. No. 285676
Regional Attorney


/s/Robert L. Adler
ROBERT L. ADLER
Trial Counsel
Florida Bar No. 1004597

BEATRIZ BISCARDI ANDRE
Assistant Regional Attorney
New York Bar No. 4394599

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
100 S.E. 2nd Street
Suite 1500
Miami, Florida 33131
Phone: (786) 648-5843
Fax: (305) 808-1835
Robert.Adler@eeoc.gov
Beatriz.Andre@eeoc.gov