UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

U.S. EQUAL EMPLOYMENT,
OPPORTUNITY COMMISSION,                Civil Action No. 8:23-cv-02067-SDM

     Plaintiff,

v.

KANES FURNITURE, LLC,
D/B/A KANE'S FURNITURE,

     Defendant.
_____/

## DEFENDANT'S ANSWER AND DEFENSES
## TO AMENDED COMPLAINT

Defendant, Kanes Furniture, LLC d/b/a Kane's Furniture ("Defendant" or "Kane's LLC"), hereby submits its Answer and Affirmative Defenses to Plaintiff's Amended Complaint [D.E. 8], and states as follows:

## Response To "Nature Of The Action"

Plaintiff's opening narrative of the purported "Nature of the Action" should be disregarded by the Court. The opening narrative violates the principles of Rule 8 of the Federal Rules of Civil Procedure because the paragraph is neither a "short and plain statement" of Plaintiff's claim(s), nor is it a "simple, concise and direct" assertion of the facts upon which Plaintiff relies. The opening paragraph is merely a brief summary in narrative form of the allegations set forth in the paragraphs which form the substantive allegations of the Amended Complaint. Defendant denies that it violated Title VII by failing to hire women in Florida for delivery

driver, delivery assistant, and warehouse associate positions based on their sex (female), including without limitation, "Charging Party" Cross. Defendant denies that it engaged in any "unlawful sex-based employment practices" toward Cross or any members of a putative "class of female applicants for employment" (the "Class") and denies that any such "Class" exists.  Defendant denies that it failed to file EEO-1 reports.  Defendant incorporates by reference its responses set forth below to any remaining assertions in the opening unnumbered paragraph.

## Jurisdiction and Venue

1.      In response to paragraph 1, Defendant acknowledges that Plaintiff purports to bring this action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 ("Title I") and that the Court has jurisdiction over this matter; however, Defendant denies that Plaintiff, Charging Party Alexis Cross ("Cross"), or any members of the putative Class have any valid cause of action and denies the allegations in this paragraph to the extent they suggest or imply that Defendant has failed to comply with Title VII or Title I.

2.      In response to paragraph 2, Defendant admits only that venue is proper in this Court but denies that Plaintiff, Cross, or any member of the putative class has any valid cause of action and denies all remaining allegations in this paragraph.

*EEOC v. Kanes Furniture, LLC*
*Case No. 8:23-cv-02067-SDM*
*Defendant's Answer and Affirmative Defenses to Amended Complaint*

## Parties

3.     In response to paragraph 3, Defendant neither admits nor denies the allegations regarding Plaintiff's statutory authority which call for a legal conclusion to which no response is required. Defendant states that the statutes referenced in paragraph 3, in their entirety, are the best evidence of their terms and speak for themselves.

4.     Defendant admits that it is a limited liability company registered to do business in Florida and that it employs at least 15 employees. Defendant admits that it has continuously done business in Florida since January 1, 2022, and denies all remaining allegations in paragraph 4.

5.     Defendant admits the allegations in paragraph 5.

6.     Defendant admits that it has continuously been an employer in the furniture industry in Florida since January 1, 2022.  Defendant states that the statutes referenced in paragraph 6, in their entirety, are the best evidence of their terms and speak for themselves.

## Conditions Precedent

7.     Defendant admits that Cross filed a charge of discrimination with the EEOC alleging violations of Title VII.  Defendant lacks sufficient knowledge or information upon which to form a belief regarding the remaining allegations in this paragraph and leave Plaintiff to its proof.

*EEOC v. Kanes Furniture, LLC*
*Case No. 8:23-cv-02067-SDM*
*Defendant's Answer and Affirmative Defenses to Amended Complaint*

8.      Defendant admits that it received a letter from the EEOC titled "Letter of Determination" and states that the letter, in its entirety, speaks for itself and is the best evidence of its terms.  Defendant denies that it violated Title VII and denies it engaged in unlawful employment practices as asserted by the EEOC.  Defendant denies any remaining allegations in paragraph 8.

9.      Defendant admits the EEOC engaged in a limited exchange of e-mail correspondence with counsel for Defendant regarding conciliation and that the EEOC and Defendant were unable to reach an agreement.  Defendant denies it violated Title VII, denies it engaged in unlawful employment practices as asserted by the EEOC, and denies any remaining allegations in paragraph 9.

10.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and, therefore, denies all the allegations in this paragraph.

## **Statement of Facts**

11.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and, therefore, denies all the allegations in this paragraph.

12.      Defendant denies that it operated the business in 2021.   On information and belief, Defendant admits that its predecessor may have placed job openings online including for delivery drivers at various times in 2021.

*EEOC v. Kanes Furniture, LLC*
*Case No. 8:23-cv-02067-SDM*
*Defendant's Answer and Affirmative Defenses to Amended Complaint*

13.     Defendant denies that it operated the business in 2021.   On information and belief, Defendant admits that its predecessor may have received a job application from Cross in or about October 2021.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and, therefore, denies all the allegations in this paragraph.

15.     Defendant denies that it operated the business in 2021.   Defendant denies the remaining allegations in paragraph 15.

16.     Defendant denies that it operated the business in 2021.   On information and belief, Defendant admits that its predecessor may have provided information to Cross about a planned job fair.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 16 and, therefore, denies any remaining allegations in this paragraph.

17.     Defendant denies that it operated the business in 2021.   Defendant states that any such job fair invitation speaks for itself and is the best evidence of its terms.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 17 and, therefore, denies any remaining allegations in this paragraph.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and, therefore, denies all the allegations in this paragraph.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and, therefore, denies all the allegations in this paragraph.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and, therefore, denies all the allegations in this paragraph.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and, therefore, denies all the allegations in this paragraph.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and, therefore, denies all the allegations in this paragraph.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and, therefore, denies all the allegations in this paragraph.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and, therefore, denies all the allegations in this paragraph.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and, therefore, denies all the allegations in this paragraph.

26.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and, therefore, denies all the allegations in this paragraph.

27.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and, therefore, denies all the allegations in this paragraph.

28.    Defendant denies that it operated the business in 2021.   On information and belief, Defendant admits that its predecessor did not hire Cross. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 28 and, therefore, denies any remaining allegations in this paragraph.

29.    Defendant denies that it operated the business in 2021.   On information and belief, Defendant denies that its predecessor had a "standard operating procedure of not hiring women for such positions."  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 29 and, therefore, denies any remaining allegations in this paragraph.

30.    Defendant denies the allegations in paragraph 30.

31.    Defendant denies the allegations in paragraph 31 as to any and all times since it purchased the assets of the business on December 31, 2021, to date. Defendant denies that it operated the business in 2021.  On information and belief,

Defendant denies that its predecessor had a "standard operating procedure of denying employment to female applicants for delivery driver, delivery assistant, and warehouse associate positions based on sex," and denies any remaining allegations in paragraph 31.

32.   Defendant denies the allegations in paragraph 32.

33.   Defendant denies the allegations in paragraph 33 as to any and all times since it purchased the assets of the business on December 31, 2021, to date. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and, therefore, denies all the allegations in this paragraph as to the period of time prior to Defendant's purchase of the assets of the business.

34.   Defendant admits that it did not hire any female applicants for delivery driver or delivery assistant jobs after it acquired the assets of the business on December 31, 2021, to February 2023, and denies that it did not hire female applicants and denies that it does not employ female employees in warehouse jobs. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and, therefore, denies all the allegations in this paragraph as to the period of time prior to Defendant's purchase of the assets of the business.

35.   Defendant denies the allegations in paragraph 35 as to any and all times since it purchased the assets of the business on December 31, 2021, to date.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and, therefore, denies all the allegations in this paragraph as to the period of time prior to Defendant's purchase of the assets of the business.

36.    Defendant denies the allegations in paragraph 36 as to any and all times since it purchased the assets of the business on December 31, 2021, to date. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and, therefore, denies all allegations in this paragraph as to the period of time prior to Defendant's purchase of the assets of the business.

37.    Defendant denies the allegations in paragraph 37.

38.    Defendant denies that it operated the business in 2019 (the year for which an EEO-1 would have been filed in 2020) or 2020.  On information and belief, Defendant admits that its predecessor may not have filed an EEO-1 Report in 2020. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 38 and, therefore, denies any remaining allegations in this paragraph.

39.    Defendant denies that it owned or operated the business in 2020 (the year for which an EEO-1 would have been filed in 2021) or 2021.  On information and belief, Defendant admits that its predecessor may not have filed an EEO-1 Report in 2021. Defendant lacks knowledge or information sufficient to form a

belief as to the truth of any remaining allegations in paragraph 38 and, therefore, denies any remaining allegations in this paragraph.

40.     Defendant admits that EEOC requested EEO-1 reports for 2020 and 2021 and denies any remaining allegations in paragraph 40.

41.     Defendant admits that it was unable to locate EEO-1 reports that may have been filed by its predecessor, denies that it has filed to timely file any EEO-1 reports since it purchased the assets of the business on December 31, 2021, and denies any remaining allegations in paragraph 41.

## **Count I – Discrimination Against Cross**

42.     Defendant incorporates its responses to paragraphs 11 through 37 as if fully set forth herein.

43.     Defendant denies the allegations in paragraph 43.

44.     Defendant denies the allegations in paragraph 44.

45.     Defendant denies the allegations in paragraph 45.

46.     Defendant denies the allegations in paragraph 46.

47.     Defendant denies the allegations in paragraph 47.

## **Count II – Discrimination Against Class**

48.     Defendant incorporates its responses to paragraphs 11 through 37 as if fully set forth herein.

49.     Defendant denies the allegations in paragraph 49.

*EEOC v. Kanes Furniture, LLC*
*Case No. 8:23-cv-02067-SDM*
*Defendant's Answer and Affirmative Defenses to Amended Complaint*

50.     In response to paragraph 50, Defendant acknowledges that Plaintiff purports to seek relief for a class of aggrieved female applicants for employment for the delivery driver, delivery assistant and warehouse associate position and denies that it engaged in any "unlawful sex-based employment practices" toward any members of the putative Class and denies that any such "Class" exists. Defendant denies any remaining allegations in this paragraph.

51.     Defendant denies the allegations in paragraph 51.

52.     Defendant denies the allegations in paragraph 52.

53.     Defendant denies the allegations in paragraph 53.

54.     Defendant denies the allegations in paragraph 54.

### Count III − Failure to Complete EEO-1 Reports

55.     Defendant incorporates its responses to paragraphs 38 through 41 as if fully set forth herein.

56.     Defendant denies that it owned or operated the business in 2020 or 2021, the only years for which EEO-1 Reports allegedly were not filed.  Defendant states that the EEO-1 Report for 2022, the year following its purchase of the assets of the business, is not due to be filed until December 2023.  Defendant denies any remaining allegations in paragraph 56.

57.     In response to paragraph 57, Defendant neither admits nor denies the allegations regarding Plaintiff's statutory authority which call for a legal conclusion to which no response is required. Defendant states that the statutes referenced in

paragraph 57, in their entirety, are the best evidence of their terms and speak for themselves.

58.     In response to paragraph 58, Defendant neither admits nor denies the allegations regarding Plaintiff's statutory authority which call for a legal conclusion to which no response is required. Defendant states that the statutes referenced in paragraph 58, in their entirety, are the best evidence of their terms and speak for themselves.  Defendant admits only that it employs more than 100 applicants. Defendant denies any remaining allegations in this paragraph.

59.     In response to paragraph 59, Defendant neither admits nor denies the allegations regarding Plaintiff's statutory authority or the referenced regulations which call for legal conclusions to which no response is required. Defendant denies any remaining allegations in this paragraph.

60.     Defendant admits that EEOC requested EEO-1 reports for periods of time when Defendant did not own or operate the business during its investigation of Cross's charge of discrimination. Defendant denies any remaining allegations in paragraph 60.

61.     Defendant admits that it was unable to locate the EEO-1 Reports that may have been filed by its predecessor.  Defendant denies any remaining allegations in paragraph 61.

62.     Defendant denies the allegations in paragraph 62. Defendant also denies the allegations in the "WHEREFORE clause" following paragraph 62.

63.     Defendant denies any allegation not expressly admitted above.

## **Defendant's Attorneys' Fees**

Defendant has retained the undersigned counsel and has agreed to pay counsel's reasonable fees for counsel's services.  Pursuant to 28 U.S.C. § 1927 and 42 U.S.C. § 12205, Defendant is entitled to recover its attorneys' fees and costs incurred in this action because this action is frivolous and without foundation in law or fact.

## **STATEMENT OF DEFENSES**

Defendant asserts the following defenses but does not concede that it bears either the burden of proof or persuasion, and states as follows:

1.     Defendant acquired the assets of Kanes Furniture Corporation at closing of the transaction on December 31, 2021.  Defendant did not own nor operate the business when Cross purportedly applied for a job.  Defendant's management is not the same as its predecessor's management and Defendant is not liable for the actions of its predecessor, Kanes Furniture Company Inc.

2.     Plaintiff's claims on behalf of Cross and/or any other unidentified female applicants are barred to the extent Cross and/or any other unidentified female applicants failed to timely and properly exhaust all necessary administrative, statutory, and/or jurisdictional prerequisites for the commencement of this action, or to the extent Cross' and/or any other unidentified female applicant's claims otherwise exceed the scope of any charge filed.

3.     If Cross and/or any other unidentified female applicant has exhausted her administrative remedies, their claims are limited by the scope of the alleged acts of discrimination encompassed within the Charge of Discrimination that was investigated by the EEOC or any other investigative governmental entity with the authority to investigate charges of discrimination.

4.     Plaintiff's claims fail, in whole or in part, to state a claim upon which relief can be granted.

5.     Plaintiff's claims on behalf of an unidentified "class of female applicants for employment who were adversely affected by such practices" must be dismissed because Plaintiff failed to satisfy its statutory pre-litigation obligations of investigation, probable cause determination, and conciliation as to any such unidentified female applicants.   Plaintiff's Letter of Determination failed to mention the names of any individual claimants other than Cross.  Plaintiff failed to make a reasonable cause determination as to the specific allegations of any individual claimants other than Cross prior to filing the Complaint.  Plaintiff failed to afford Defendant a meaningful opportunity to conciliate claims asserted on behalf of Cross and any individual's claims beyond those asserted by Cross. Plaintiff's "class" allegations and claims must be dismissed.

6.     Plaintiff's claims on behalf of an unidentified "class of female applicants ... who were adversely affected by such practices" must be dismissed because Plaintiff's Letter of Determination did not provide Defendant with any

notice as to the size of the purported class of unidentified female applicants who were allegedly subjected to discrimination based on sex other than the purported class may be as small as 13 (which would fail to warrant consideration as a class rather than on an individual basis). Rather, Plaintiff is attempting to impermissibly use these proceedings to conduct a fishing expedition to discover potential violations that it did not investigate and as to which it did not make specific, individualized reasonable cause determinations during the administrative action. Plaintiff's "class" allegations and claims must be dismissed.

7.     Plaintiff's claims on behalf of an unidentified "class of female applicants … who were adversely affected by such practices" must be dismissed because Plaintiff has impermissibly attempted to convert a Section 706 action into a Rule 23 "class-based" case. It is well settled that a Section 706 federal enforcement action is not procedurally the same as a Rule 23 class action. Plaintiff may not assert broad accusations of class-wide discrimination and thereby present Defendant with a moving target of prospective claimants. Plaintiff may not rely upon discovery in this case to identify members of the purported class, none of whom were specifically discussed during conciliation and none of whom filed charges of discrimination nor were specifically named by Cross in her charge of discrimination. In fact, when Defendant requested that the EEOC identify the limited purported class of 13 applicants, EEOC refused. Plaintiff's "class" allegations and claims must be dismissed.

*EEOC v. Kanes Furniture, LLC*
*Case No. 8:23-cv-02067-SDM*
*Defendant's Answer and Affirmative Defenses to Amended Complaint*

8.     Plaintiff's claims are barred to the extent they were not filed within the applicable statutes of limitation.

9.     If it is determined that any protected category or protected activity was a motivating factor in any decision, then Defendant asserts it would have reached the same result, regardless of any protected category or activity of Cross and/or any other unidentified female applicants, based upon the facts and circumstances of the case.

10.     Plaintiff's claims on behalf of Cross and/or any other unidentified female applicants for lost wages and other employment benefits must be reduced by the amount of wages and benefits Cross and/or any other unidentified female applicants earned (including unemployment compensation benefits), or through the exercise of reasonable diligence could have earned, during the period for which lost wages and benefits are sought by on behalf of Cross and/or any other unidentified female applicants.  If Cross' and/or any other unidentified female applicants' damages, if any, have been paid in whole or in part by collateral sources, the damages that can be recovered from Defendant must be eliminated or reduced, accordingly.

11.     Plaintiff's claims on behalf of Cross and/or any other unidentified female applicants for damages should be barred or limited by after acquired evidence discovered by Defendant.

12.    Plaintiff's claims on behalf of Cross and/or any other unidentified female applicants for damages are barred or limited to the extent Plaintiff seeks recovery of an amount greater than that permissible under Federal or Florida law (as applicable), and all such claims are subject to the limitations of appropriate statutory caps or limits existing at law.

13.    Although Defendant submits that Plaintiff is not entitled to any award of punitive damages, should such damages be awarded, the total amount of punitive damages may not exceed the cap on punitive damages under Title VII.

14.    Defendant believed in good faith its conduct was in compliance with all local, state and federal laws.

15.    Plaintiff's claims on behalf of Cross and/or any other unidentified female applicants are barred to the extent that there was no causal connection between the events alleged in the Complaint and any damages which Cross and/or any other unidentified female applicants allegedly suffered.

16.    No decisions, actions, or failures to act by Defendant with respect to Cross and/or any other unidentified female applicants were discriminatory or motivated by discriminatory animus; rather, they were justified by legitimate, non-discriminatory reasons and were based on factors other than Cross' and/or any other unidentified female applicants' sex.

17.    If any allegations of unlawful conduct are found to be true, Defendant's employee(s) implicated in those allegations acted on their own, in

*EEOC v. Kanes Furniture, LLC*
*Case No. 8:23-cv-02067-SDM*
*Defendant's Answer and Affirmative Defenses to Amended Complaint*

violation of Defendant's strict policies prohibiting such conduct, and acted outside the scope of their employment and authority.

18.     Plaintiff's claims for relief on behalf of Cross and/or any other unidentified female applicants are barred or reduced by Cross' and/or any other unidentified female applicant's own conduct.

19.     Defendant will rely upon all proper defenses lawfully available that may be disclosed by evidence and reserves the right to amend this Answer to state such other defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

WHEREFORE, Defendant respectfully requests that the Court enter judgment as follows:

1.     Ordering that Plaintiff take nothing by this action;

2.     Dismissing Plaintiff's Amended Complaint and any claims therein in their entirety with prejudice;

3.     Ordering that judgment be entered in Defendant's favor;

4.     Awarding Defendant its attorneys' fees against Plaintiff pursuant to law;

5.     Awarding costs to Defendant; and

6.     Awarding Defendants such other relief, both at law and in equity, to which it may show itself to be justly entitled.

*EEOC v. Kanes Furniture, LLC*
*Case No. 8:23-cv-02067-SDM*
*Defendant's Answer and Affirmative Defenses to Amended Complaint*

Respectfully submitted,

FORD**HARRISON**LLP

*/s/ Merry E. Lindberg*
Merry E. Lindberg, Esq.
Florida Bar No.:  308102
mlindberg@fordharrison.com
515 North Flagler Drive, Suite P300
West Palm Beach, FL 33401
T (561) 345-7405 | F (561) 345-7501

Todd Aidman, Esq.
Florida Bar No.: 173029
taidman@fordharrison.com
401 East Jackson Street, Suite 2500
Tampa, FL 33602
T (813) 261-7840

Luis Santos, Esq.
Florida Bar No.: 84647
lsantos@fordharrison.com
401 East Jackson Street, Suite 2500
Tampa, FL 33602
T (813) 261-7852

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 3, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to:  Robert L. Adler, Esq., and and Sabarish P. Neelakanta, Esq., Equal Employment Opportunity Commission, Miami District Office, 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131, email: Robert.Adler@eeoc.gov; Sabarish.Neelakanta@eeoc.gov.

*/s/ Merry E. Lindberg*
Merry E. Lindberg
Fla. Bar 308102