UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.                                                Case No.: 8:23-cv-2067-SDM-NHA

KANES FURNITURE, LLC, D/B/A
KANE'S FURNITURE,

    Defendant.
_____/

**ORDER**

The Court partially grants and partially denies Plaintiff's Motion to Compel responses to Plaintiff's Requests for Production 10 and 11, and other electronically stored information (ESI) (Doc. 23).

Plaintiff EEOC sues Defendant Kanes Furniture, LLC alleging that Defendant discriminated against Alexis Cross, and a class of similarly situated female applicants. Doc. 1. Specifically, Plaintiff alleges that Defendant refused to hire women for the positions of delivery driver, delivery assistant, and warehouse associate. *Id.* at 5.

In December 2023, Plaintiff issued its first set of Requests for Production. Doc. 23-1. On March 8, 2024, Plaintiff moved to compel responses

to two of those requests, Requests for Production 10 and 11. Doc. 23, p. 5. Specifically, Plaintiff sought:

> Documents reflecting or containing [44 pieces of information] about all individuals **who applied for employment**, either directly or indirectly, with Defendant and/or Other Kanes Entities at any of their locations in Florida during the period of May 2021 to present for the position(s) of (i) warehouse associate, (ii) driver, and/or (iii) delivery assistant, along with all information collected by Defendant and/or Other Kanes Entities' applicant tracking system(s) or third party websites that collect applicant information and
>
> Documents reflecting or containing [50 pieces of information] about all individuals **who worked in positions of** (i) warehouse associate, (ii) driver, and/or (iii) delivery assistant at Defendant and/or Other Kane's Entities, at any of their locations in Florida at any time from May 2021 to present.

Doc. 23-1, pp. 7, 10 (emphasis added). Plaintiff also sought a speedier production of ESI relating to Plaintiff's remaining discovery requests. Doc. 23, pp. 8-9.

Defendant asserted numerous objections to Plaintiff's Requests for Production. Doc. 23-3, pp. 14, 17-18; Doc. 28. Defendant also objected to Plaintiff's ESI demands, on the grounds that the requests were overbroad, unduly burdensome, and not proportional to the needs of the case. Doc. 28, p. 8. After failed efforts to resolve the issues, Plaintiff filed its motion to compel. Doc. 23. Defendant filed an opposition. Doc. 28. And, on April 24, 2024, the Court held a hearing to resolve the matter. *See* Doc. 32.

Prior to the hearing, the parties had narrowed the issues significantly. Remaining for the Court to decide were whether Defendant must produce: (1) documents relating to applicants and hires for Defendant's "warehouse associate" position at locations other than the distribution center where Ms. Cross applied; (2) additional material reflecting the gender of persons Defendant had hired for the positions at issue; (3) additional identifying information relating to its applicants and hires, specifically, each person's applicant/employee identification number, last known home address, last known telephone number, last known email address, and social security number; and (4) additional "flow data" to support Defendant's responses to Requests 10 and 11.[1] The parties also asked the Court to resolve their dispute as to the appropriate production schedule for Defendant's ESI.

For these reasons stated on the record (Doc. 32), Plaintiff's motion (Doc. 23) is **GRANTED in part and DENIED in part.** It is hereby **ORDERED** that:

1. Plaintiff's motion is **GRANTED** to the extent that:

    i.  On or before May 24, 2024, if Defendant has not already done so, **Defendant shall produce**:

---

[1] As to Issues 2, 3, and 4, it ultimately appeared that Defendant did not object to producing the materials, but rather contested whether such information had already been produced.

3

    a. All responsive materials relating to the "warehouse associate" position at all 17 of Defendant's locations;

    b. Documents containing or reflecting the gender of persons hired by Defendant for the positions of (i) warehouse associate, (ii) driver, and/or (iii) delivery assistant at Defendant and/or Other Kane's Entities, at any of their locations in Florida at any time from May 2021 to the date of the discovery request;

    c. Documents containing or reflecting the relevant applicants' and hires' applicant or employee identification number, social security number, last known home address, last known telephone number, and last known email address;

    d. Underlying flow data responsive to Requests for Production 10 and 11.

ii. Beginning **on May 12, 2024**, **Defendant shall begin a rolling production of responsive ESI**, producing 7,000 documents per week, until all responsive ESI has been produced.

2. Plaintiff's motion is otherwise **DENIED**.

**DONE and ORDERED** in Tampa, Florida on April 26, 2024.

*Natalie Hirt Adams*
NATALIE HIRT ADAMS
United States Magistrate Judge