**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>**Plaintiff,**<br><br>**-against-**<br><br>**KANES FURNITURE, LLC, (D/B/A KANE'S FURNITURE),**<br><br>**Defendant.** | **Civil Action No. 8:23-cv-02067-SDM**<br><br>**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**INJUNCTIVE RELIEF SOUGHT** |

## NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful sex-based employment practices and to provide appropriate relief to Charging Party Alexis Cross ("Cross") and a class of female applicants for employment who were adversely impacted by such practices. As alleged with greater specificity below, from May 2021 to present, Defendant Kanes Furniture, LLC (d/b/a "Kane's Furniture"), the successor in liability to Kane Furniture Corporation (now named Marsco, Inc.), implements a discriminatory, sex-based standard operating procedure of not hiring women for delivery driver, delivery assistant, and warehouse associate positions in Florida. EEOC also alleges that Kane's Furniture failed to file EEO-1 reports as required by Title VII, 42 U.S.C. § 2000e-8(c), and regulations issued thereunder, 29 C.F.R. § 1602.7-1062.14.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Venue is proper because a substantial part of the events giving rise to Title VII violations occurred in the Middle District of Florida. Further, Defendant is headquartered in Pinellas Park, Florida, which is within the jurisdiction of the U.S. District Court for the Middle District of Florida, Tampa Division.

## PARTIES

3. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant Kanes Furniture, LLC (hereinafter "KANE'S II"), is a limited liability company registered to do business in Florida, has continuously done business in Florida, and at all relevant times, employed at least 15 employees.

5. On October 15, 2021, KANE'S II was organized as a limited liability company by and through its authorized representative and member Irwin Novack, with a principal office and mailing address in Pinellas Park, Florida.

6. KANE'S II operates the retail furniture and manufacturing business

called "Kane's Furniture". The Kane's Furniture business consists of at least 17 retail and/or warehouse locations throughout central Florida and had been in existence since 1948.

7. For much of its history, the Kane's Furniture business was operated by a predecessor Florida corporation called "Kane Furniture Corporation." The President and CEO of Kane Furniture Corporation was Irwin Novack.

8. At or near the end of December 2021, KANE'S II purchased and obtained the real property (including all retail and/or warehouse locations) and tangible assets of Kane Furniture Corporation, and further assumed control and ownership of the Kane's Furniture retail and manufacturing business operations.

9. On January 5, 2022, shortly after the sale of the Kane's Furniture business was consummated, Kane Furniture Corporation amended its corporate name to "Marsco, Inc." (hereinafter KANE'S I).

10. KANE'S II is a successor in liability to KANE'S I.

11. KANE'S II continues to operate the same retail and manufacturing business – Kane's Furniture – as its predecessor KANE'S I in substantially the same manner.

12. KANE'S II operates out of the same corporate office, corporate distribution center, and principal place of business in Pinellas Park, Florida that was previously occupied by KANE'S I.

13. KANE'S II retained many of the same management, directors, and supervisory personnel of KANE'S I, including Irwin Novack.

14. KANE'S II continued to employ Irwin Novack to oversee the Kane's Furniture business operations and to serve as its registered agent.

15. KANE'S II uses the same brand name moniker "Kane's Furniture" to advertise its retail and manufacturing business and to advertise material pertaining to Kane's Furniture.

16. KANE'S II has assumed the inventory of KANE'S I, including all its retail home, office, and outdoor furniture and related accessories.

17. KANE'S II uses the same or substantially the same facilities, warehouses, equipment, and delivery infrastructure previously utilized by KANE'S I.

18. KANE'S II uses the same or substantially the same telephone numbers and company email accounts previously used by KANE'S I.

19. KANE'S II continues to employ much of the same workforce and employees of KANE'S I, in the same jobs, and under substantially the same working conditions.

20. KANE'S II provides the same job opportunities including store management, customer service, sales, delivery, and warehouse positions.

21. KANE'S II assumed the rights to internet websites and domain names from KANE'S I and utilizes the same website (www.KanesFurniture.com).

22. KANE'S II continues to exercise control over the applicant hiring and recruitment databases used by KANE'S I which contain the electronic personnel information of individuals previously employed by the predecessor company, and those who continue to be employed with KANE'S II.

23. KANE'S I does not have the ability to provide the relief requested in this matter.

24. At all relevant times, KANE'S II has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b),(g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

**CONDITIONS PRECEDENT**

25. More than thirty days prior to the institution of this lawsuit, Ms. Cross filed a Charge of Discrimination with EEOC alleging violations of Title VII by KANE'S II, the successor in liability to KANE'S I.

26. EEOC issued a Letter of Determination to KANE'S II, finding reasonable cause to believe that Ms. Cross and a class of female applicants were discriminated against based on sex. EEOC's Letter of Determination further found reasonable cause to believe that KANE'S II failed to file EEO-1 reports.

27. Prior to initiating this lawsuit, EEOC attempted to correct the unlawful employment practices alleged herein through informal methods of conciliation, conference, and persuasion, with KANE'S II to remedy the discriminatory practices and provide appropriate relief. The EEOC was unable to secure an acceptable conciliation agreement.

28. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

### A. Failure to Hire Ms. Cross

29. In 2021, the Kane's Furniture business advertised online that it was hiring delivery drivers.

30. On October 13, 2021, Ms. Cross, a woman, applied for the delivery driver position.

31. At the time of Ms. Cross's application, she had approximately one year of experience as a delivery driver.

32. The minimal requirements for the Kane's Furniture delivery driver position consisted of:

> Required Skills/Abilities/Credentials
> - All candidates MUST have a valid Florida driver's license
> - Acceptable driving record
> - Must pass pre-employment criminal background and drug test
> - Previous experience in driving a box truck a plus
> - Able to lift 75+ pounds with assistance (team lifting)
> - Strong customer service skills
> - Work schedule is Tuesday through Saturday – you will be home every evening
>
> Position based out of the Corporate Distribution Center located in Pinellas Park, Florida; (St. Petersburg).

33. Ms. Cross was qualified for the Kane's Furniture delivery driver position.

34. On October 14, 2021, Ms. Cross received an email inviting her to attend a job fair at the Kane's Furniture corporate distribution center in Pinellas Park, Florida.

35. The job fair invitation stated that there would be on-the-spot interviews for warehouse and delivery driver positions, and that on-the-spot job offers will be

extended.

36. The next day, on October 15, 2021, Ms. Cross went to the Kane's Furniture job fair.

37. At the job fair, Ms. Cross met with Tevori Blake, a corporate recruiter for the Kane's Furniture retail and manufacturing business.

38. Mr. Blake informed Ms. Cross that she would not be offered the delivery driver position because she is a woman, and that the company only hired men for the Kane's Furniture delivery driver position.

39. Mr. Blake further stated that the driver position required heavy lifting when unloading trucks.

40. Ms. Cross explained to Mr. Blake that she was a FedEx delivery driver and had experience lifting heavy objects by herself.

41. Mr. Blake stated that Ms. Cross's experience at FedEx was likely limited to small delivery vehicles, not large trucks like those used by the Kane's Furniture retail and delivery.

42. Ms. Cross advised Mr. Blake that she was in fact experienced with driving large trucks.

43. Nevertheless, Mr. Blake told Ms. Cross that she could not be hired because the Kane's Furniture delivery driver position was only open to men.

44. Mr. Blake had authority to hire candidates for employment to the delivery driver position.

45. Mr. Blake had authority to reject candidates for employment to the

delivery driver position.

46. Mr. Blake continued to be employed by KANE'S II, exercising the same functions as he had for KANE'S I.

47. Ms. Cross was never hired for the delivery driver position.

48. The decision not to hire Ms. Cross for the delivery driver position is consistent with Defendant's standard operating procedure of not hiring women for such positions.

49. KANE'S II is liable as successor in interest for sex-based employment against Ms. Cross.

50. KANE'S II continues to operate the Kane's Furniture retail and manufacturing business.

51. KANE'S II continues to implement the same, sex-based standard operating procedure of not hiring women for the delivery driver position.

52. Ms. Cross suffered damages as a result of the conduct described herein.

**B. <u>Failure to Hire a Class of Women</u>**

53. The Kane's Furniture business maintains a standard operating procedure of denying employment to female applicants for delivery driver, delivery assistant, and warehouse associate positions based on sex.

54. KANE'S II is liable for the discriminatory, sex-based standard operating procedure of KANE'S I as successor.

55. KANE'S II continued to implement the discriminatory, sex-based standard operating procedure of denying employment to female applicants for delivery

driver, delivery assistant, and warehouse associate positions based on sex.

56. President and Chief Executive Officer, Irwin Novak, instructed personnel tasked with making hiring decisions to not hire women for driver or warehouse associate positions.

57. Qualified women applied for delivery driver, delivery assistant, and warehouse associate positions but were not hired.

58. For example, from at least August 2021 to February 2023, no women were hired for delivery driver, delivery assistant, or warehouse associate positions.

59. Female applicants are intentionally excluded and denied employment to delivery driver, delivery assistant, and warehouse associate positions based on sex.

60. The class of aggrieved female applicants suffered damages as a result of the conduct described herein.

**C. <u>Failure to File Employer Information Reports</u>**

61. In 2020, KANE'S I failed to file an accurate and complete Employer Information Report EEO-1 ("EEO-1 report").

62. In 2021, KANES'S I failed to file an accurate and complete EEO-1 report.

63. During EEOC's investigation into Ms. Cross's Charge of Discrimination, EEOC requested the 2020 and 2021 EEO-1 reports from KANE'S II, the successor in liability to KANE'S I.

64. KANE'S II failed to produce any EEO-1 reports to EEOC prior to this lawsuit.

## STATEMENT OF CLAIMS

### Count I
### (Discrimination Against Ms. Cross in Violation of Title VII)

65. Paragraphs 3 to 24 and 29 to 60 are fully incorporated herein.

66. KANE'S II engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Ms. Cross to sex discrimination.

67. Specifically, KANE'S II discriminated against Ms. Cross based on her sex by failing to hire for delivery driver position because she is a woman.

68. The effect of the practices complained of in Paragraphs 3 to 24 and 29 to 60 above, has been to screen out women, including Ms. Cross, from obtaining employment with Kane's Furniture retail furniture and manufacturing business, and to deprive women, including Ms. Cross, of equal employment opportunities.

69. The unlawful employment practices complained of in Paragraphs 3 to 24 and 29 to 60 above, were done intentionally and with malice and/or with reckless indifference to the federally protected rights of Ms. Cross.

70. KANE'S II is a successor in liability to KANE'S I.

71. Ms. Cross suffered damages as a result of the conduct described herein.

### Count II
### (Discrimination Against Class of Aggrieved Female Applicants for Employment in Violation of Title VII)

72. Paragraphs 3 to 24 and 29 to 60 are fully incorporated herein.

73. KANES II engaged in unlawful employment practices, in violation of

Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by implementing a sex-based standard operating procedure, since at least May 2021, of denying employment to female applicants as delivery driver, delivery assistant, and warehouse associates based on sex.

74. KANE'S II discriminated against the class of female applicants who were denied employment to the delivery driver, delivery assistant, and warehouse associate positions based on their sex under the discriminatory, sex-based standard operating procedure.

75. EEOC is seeking relief on behalf of the class of female applicants who were denied employment as delivery driver, delivery assistant, and warehouse associate positions between May 2021 to present.

76. The effect of the practices complained of in Paragraphs 3 to 24 and 29 to 60 above, has been to screen out and deny women employment with Kane's Furniture retail furniture and manufacturing business, and to deprive women of equal employment opportunities.

77. The unlawful employment practices complained of in Paragraphs 3 to 24 and 29 to 60 above, were done intentionally and with malice and/or with reckless indifference to the federally protected rights of a class of aggrieved female applicants for employment.

78. KANE'S II is a successor in liability to KANE'S I.

79. The class of aggrieved female applicants suffered damages as a result of the conduct described herein.

**Count III**
**(Failure to Complete EEO-1 Reporting in Violation of Title VII)**

80. Paragraphs 3 to 24 and 61 to 64 are fully incorporated herein.

81. For the years 2020 and 2021, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), and regulations issued thereunder, 29 C.F.R. § 1602.7-1602.14, KANES I, failed to prepare, execute, and file accurate and complete EEO-1 reports.

82. Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), authorizes EEOC to require employers to make records, preserve records, and report to EEOC concerning records “relevant to the determinations of whether unlawful practices have been or are being committed.”

83. By regulations codified at 29 C.F.R. §§ 1602.7-1602.14, EEOC requires all employers with more than one hundred employees, such as KANE’S II, to file an annual EEO-1 report with EEOC or its delegate.

84. KANE’S II is a successor in liability to KANE’S I.

85. The regulations also require employers to retain and make available such reports when requested by EEOC during its investigation of charges.

86. During the investigation of Ms. Cross’s Charge of Discrimination, EEOC requested EEO-1 reports from KANE’S II.

87. KANE’S II failed to produce any EEO-1 reports.

88. KANE’S II failed to file such EEO-1 reports as required by law.

## PRAYER FOR RELIEF

WHEREFORE, EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining KANE'S II, its officers, agents, servants, managers, employees, and all persons in active concert or participation with it, from participating in discriminatory conduct based on sex;

B. Order KANE'S II to institute and carry out policies, practices, and programs which provide equal employment opportunities for prospective female employees and which eradicate the effects of its past and present unlawful employment practices;

C. Order KANE'S II to make Ms. Cross, and the class of aggrieved female applicants, whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including but not limited to instatement and/or front pay;

D. Order KANE'S II to make Ms. Cross, and the class of aggrieved female applicants, whole, by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

E. Order KANE'S II to pay Ms. Cross and the class of aggrieved female applicants punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

F. Order that KANE'S II, to prepare, execute, and file accurate and complete EEO-1 reports as required by law for the duration of any injunctive period ordered in this case;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award EEOC its costs of this action.

**JURY TRIAL DEMAND**

EEOC requests a jury trial on all questions of fact raised by its Second Amended Complaint.

Date: May 10, 2024

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

GWENDOLYN YOUNG REAMS
Acting General Counsel
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, DC 20507

KRISTEN FOSLID
Florida Bar. No. 285676
Acting Regional Attorney

/s/Sabarish Neelakanta
SABARISH P. NEELAKANTA
Trial Attorney
Florida Bar No. 26623

MELISSA CASTILLO

Trial Attorney
Florida Bar No. 1025338

ROBERT L. ADLER
Lead Counsel
Florida Bar No. 1004597

BEATRIZ BISCARDI ANDRE
Assistant Regional Attorney
New York Bar No. 4394599

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
100 S.E. 2nd Street
Suite 1500
Miami, Florida 33131
Phone: (786) 648-5843
Fax: (305) 808-1835
Robert.Adler@eeoc.gov
Sabarish.Neelakanta@eeoc.gov
Beatriz.Andre@eeoc.gov
Melissa.Castillo@eeoc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which sends electronic notice to all counsel of record.

/s/Sabarish Neelakanta
SABARISH P. NEELAKANTA