## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

      Plaintiff,

v.

KANES FURNITURE, LLC
D/B/A KANE'S FURNITURE,

      Defendant.

_____/

Civil Action No.:
8:23-cv-02067-SDM-NHA

## CONSENT DECREE

This Consent Decree ("Decree") is made and entered into by and between the United States Equal Employment Opportunity Commission (the "Commission" or the "EEOC"), and Kanes Furniture, LLC d/b/a Kane's Furniture ("Kane's" or "Defendant") (hereinafter the EEOC and Defendant collectively referred to as "the Parties").

## INTRODUCTION

1.      On September 13, 2023, EEOC commenced this action alleging that Kane's engaged in a pattern or practice of discrimination against Alexis Cross and a class of female applicants by denying them employment to the positions of warehouse associate, delivery driver, and/or delivery assistant, based on their sex, in violation of Title VII of the Civil Rights Act of 1964 (Title VII).

2.      The class of female applicants refers to women who applied to positions of warehouse associate, delivery driver and delivery assistant at any

1

of Kane's eighteen retail locations and/or Kane's distribution center, all located in Florida, between May 1, 2021, and May 13, 2024 ("the Class").

3.    The warehouse associate position refers to any associate positions within the warehouse department at Kane's distribution center or retail locations, including but not limited to, positions in the following warehouse departments: Chair Factory, Customer Pick-Up, Shipping, Receiving, Parts, and Quality Assurance; as well as general warehouse clerk positions.

4.    The agreement to enter into this Decree shall not be construed as an admission of liability by Defendant as to any allegations by the EEOC. Kane's denies the allegations in this lawsuit.

5.    In the interest of resolving this matter, and to avoid the cost of litigation, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree. This Decree is final and binding on the Parties, and their respective successors and assigns.

6.    No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing signed by an authorized representative of each of the Parties and authorized by the Court. With Court approval and mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness to effectuate the provisions of this Decree.

7.     This Decree fully and finally resolves the claims asserted by the Commission in the Complaint filed in this action styled *EEOC v. Kanes Furniture, LLC d/b/a Kane's Furniture*, Case No. 8:23-cv-02067-SDM-NHA (M.D. Fla.), and the underlying EEOC charge of discrimination, Charge No. 511-2022-00314.

8.     This Decree constitutes the complete understanding between the Parties with respect to the matters herein.

9.     If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall attempt to agree upon what amendments to this Decree, if any, are appropriate to effectuate the purposes of this Decree. In any event, the unaffected provisions will remain enforceable.

10.    This Decree does not resolve any charges of discrimination that may be pending with the Commission against the Defendant. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or that may later be filed against the Defendant in accordance with standard EEOC procedures.

11.    Nothing in this Decree shall be construed to limit or reduce Defendant's obligations to comply with statutes enforced by the EEOC: Title VII, Title I of the Americans with Disabilities Act, 42 U.S.C. §12101, as amended, the Age Discrimination in Employment Act, 29 U.S.C. §§621-633a, the Equal Pay Act, 29 U.S.C. §206(d), the Genetic Information

Nondiscrimination Act of 2008, 42 U.S.C. § 2000f, and the Pregnant

Workers Fairness Act, 42 U.S.C. §§ 2000gg.

## FINDINGS

12.     Having carefully examined the terms and provisions of this

Decree, and based on the pleadings, record, and stipulations of the Parties,

the Court finds the following:

13.     This Court has jurisdiction over the subject matter of this action

and the Parties;

14.     The Court will retain jurisdiction for the duration of this Decree;

15.     No party shall contest the jurisdiction of this Court to enforce

this Decree and its terms or the right of the Commission to bring an

enforcement suit upon alleged breach of any term(s) of this Decree;

16.     The terms of this Decree are adequate, fair, reasonable,

equitable, and just. The rights of the class and the public interest are

adequately protected by this Decree; and

17.     The terms of this Decree are and shall be binding upon the

Defendant and its successors and Defendant would be responsible for a

violation of the Consent Decree by its present and future representatives,

directors, officers and successors of Defendant.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED
AS FOLLOWS:**

## DURATION OF DECREE

18.     All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of three (3) years after the Decree is entered by the Court (the "Effective Date"), provided, however, that if, at the end of the three (3) year period, any substantive disputes regarding compliance remain unresolved, the term of the Decree shall be automatically extended (and the Court will be authorized to retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

19.      Any provision subject to an enforcement action shall survive expiration while the enforcement action is pending.

## GENERAL INJUNCTIVE PROVISIONS

20.     All of Defendant's officers and employees are enjoined from considering sex in screening applicants, making employment decisions, and/or in implementing hiring procedures, in connection with warehouse associate, delivery driver, or delivery assistant positions. This includes relying on unfounded assumptions that women cannot perform actual job requirements of warehouse associate, delivery driver, or delivery assistant positions.

## JOB ADVERTISEMENTS

21.    The language below shall be made part of job applications and
will be placed in prominent positions on all web pages visited by people to
complete an application, this includes but is not limited to Kane's website,
(www.kanesfurniture.com/pages/careers), Indeed.com, and
ZipRecruiter.com.

> **KANE'S IS AN EQUAL OPPORTUNITY EMPLOYER. QUALIFIED APPLICANTS WILL RECEIVE CONSIDERATION WITHOUT REGARD TO SEX (TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 PROHIBITS DISCRIMINATION ON THE BASIS OF SEX), RACE, COLOR, RELIGION, AGE, GENDER IDENTITY, NATIONAL ORIGIN, SEXUAL ORIENTATION OR DISABILITY. WE ENCOURAGE ALL QUALIFIED APPLICANTS TO APPLY. IF YOU BELIEVE YOU HAVE BEEN DISCRIMINATED AGAINST, PLEASE CALL OUR HOTLINE AT ____. YOU ALSO HAVE THE RIGHT TO FILE A CHARGE OF DISCRIMINATION WITH THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION.**

22.    Job requirements stated on the application shall be reviewed
and updated to match actual job requirements of the warehouse associate
position, delivery driver and assistant delivery driver positions.

## MONETARY RELIEF TO CHARGING PARTY

23.    Within thirty (30) days following the Court's approval of this
Decree (the "Effective Date") and Cross's signature on the release attached as
**Exhibit A**, Defendant shall pay Ms. Cross the total sum of Seventy-Two
Thousand Seven Hundred and Forty-Eight Dollars and Zero Cents

($72,748.00), inclusive of ($32,748.00) of back pay and ($40,000.00) of
compensatory damages.

24.     Defendant will make all applicable withholdings from the back
pay portions of this settlement (hereinafter referred to as "Back Pay
Amount(s)" for federal, state, and local income taxes, and for employee Social
Security taxes pursuant to the Federal Insurance Contribution Act ("FICA").
Defendant will be responsible for paying the employer's share of any costs,
taxes, or Social Security required by law to be paid. Defendant will issue W-2
statements for the Back Pay Amounts and will issue withholding statements
detailing all legal withholdings made at the time the checks are issued. Form
1099s will be issued for any monies paid that do not constitute Back Pay
Amounts. Defendant will send all checks and documents referenced in this
paragraph to Alexis Cross via courier requiring signature to the following
address: 1754 45th Street S., St. Petersburg, Florida 33711.

25.     Copies of the payments shall be sent contemporaneously to the
attention of EEOC Regional Attorney Kristen Foslid and Trial Attorneys
Melissa Castillo and Sabarish Neelakanta, with subject line "Kane's
Consent Decree," at mdoconsentdecreecompliance@eeoc.gov.

26.     If the payments are not made in a timely manner as described
above, then Defendant shall pay interest on the defaulted payments at a
rate calculated pursuant to 26 U.S.C. §6621(b) until the same is paid, and

bear any additional costs incurred by the EEOC caused by the non-compliance or delay, including but not limited to any and all costs arising out of the EEOC's efforts to enforce this decree in federal court.

## MONETARY RELIEF TO THE CLASS & CLAIMS ADMINISTRATOR

27.     "Eligible Class Members" are women who applied to Kane's for positions of warehouse associate, delivery driver, and/or delivery assistant, between May 1, 2021 and May 31, 2024, but were not hired for these positions.

28.     Within fifteen (15) days of the Effective Date, Defendant shall engage a claims administrator ("Claims Administrator") approved by the EEOC, and the Claims Administrator will commence its duties in accordance with this Decree and instructions from the EEOC.  EEOC will not unreasonably refuse approval of the Claims Administrator.

29.     Within thirty (30) days of the Effective Date, Defendant shall pay One Million, Four Hundred and Ten Thousand Dollars and Zero Cents ($1,410,000.00) into an interest-bearing, qualified settlement fund under §486(b) of the Internal Revenue Code (the "Qualified Settlement Fund") established by the Claims Administrator.

30.     The purpose of the Qualified Settlement Fund is to provide payments for compensatory damages ($801,502.00) and backpay of ($608,498.00) to Eligible Class Members.

31.     The Claims Administrator shall provide the following services pursuant to this Decree, consistent with instructions from the EEOC:

a.  facilitate the creation of a Qualified Settlement Fund under §468(b) of the Internal Revenue Code;

b.  manage the Qualified Settlement Fund;

c.  assist EEOC with identifying, locating, and corresponding with Eligible Class Members via telephone, e-mail, and other written communications;

d.  create a website dedicated to claims administration;

e.  send and receive notices, questionnaires and forms to Eligible Class Members;

f.  create, track, and maintain data regarding Eligible Class Members;

g.  transmit notifications to Eligible Class Members;

h.  transmit and review release forms;

i.  issue payment to Eligible Class Members from the Class Settlement Fund;

j.  make periodic reports of activities to EEOC;

k.  confer with EEOC regarding administrative matters;

l.  issue and file related tax documents (including but not limited to tax returns required to be filed by the Qualified

9

Settlement Fund and W-2 forms for all payments from the

Qualified Settlement Fund); and

m. perform such other administrative tasks as it and EEOC

may deem necessary to facilitate the claims administration

process.

32.    The Claims Administrator shall notify the EEOC once

Defendant's payment is complete.

33.    The Claims Administrator will provide Defendant with all

information required by Defendant for tax purposes in a timely manner.

The Claims Administrator shall be responsible for issuing appropriate tax

forms to the Eligible Class Members as applicable.

34.    All costs and expenses relating to the claims administration

process shall be paid by Defendant separate and apart from the Qualified

Settlement Fund. The Claims Administrator shall bill Defendant on an as-

incurred and monthly basis.

35.    If Defendant fails to tender the payment described in paragraph

24, then Defendant shall pay interest on the defaulted payments at a rate

calculated pursuant to 26 U.S.C. §6621(b) until the same is paid, and bear

any additional costs incurred by the EEOC caused by the non-compliance or

delay, including but not limited to any and all costs arising out of the

EEOC's efforts to enforce this decree in federal court.

## CLAIMS ADMINISTRATION

36.      <u>Identification of Eligible Class Members</u>. Within ninety (90) days of the Effective Date, EEOC shall transmit to the Claims Administrator a list containing, if available, the full names, last known addresses, telephone numbers, and email addresses for all Eligible Class Members. EEOC has the sole discretion and exclusive right to identify Eligible Class Members, and this identification cannot be challenged by Kane's.

37.      Kane's will, at EEOC's request, provide any reasonably accessible information needed to identify Eligible Class Members, to the extent such information has not already been provided to EEOC.

38.      <u>Initial Package</u>. EEOC will direct the Claims Administrator to, within a reasonable amount of time as determined by EEOC, distribute a notice from EEOC containing a notice of the settlement, an explanation of the eligibility determination process, the website dedicated to the claims administration process and a questionnaire ("Initial Package"), and a deadline of 45 days for submission of all claims, to all known Eligible Class Members.

39.      The Initial Package shall be distributed by mail and e-mail. EEOC will determine what additional steps are to be taken to reach Eligible Class Members and notify the Claims Administrator of the same.

40.     The Initial Package will instruct Eligible Class Members to submit a completed Questionnaire. Submission of a completed Questionnaire is the method by which an Eligible Class Member submits her claim.

41.     <u>Review of Claims Submitted</u>. In response to the Initial Package, the Eligible Class Members will be requested to submit a completed Questionnaire to the Claims Administrator within the deadline provided in the Initial Package.

42.     The Claims Administrator will review all Questionnaires to verify that Eligible Class Members meet criteria to receive a monetary award. The criteria to receive a monetary award shall include, but is not limited to, the following: (1) confirmation that the individual is in the protected class (female); (2) confirmation that the individual applied to Kane's for position of warehouse associate, delivery driver, and/or delivery assistant between May 1, 2021 and May 31, 2024; (3) confirmation that the individual was not hired by Kane's into one of the relevant positions; and (4) confirmation of the individual's application process. Kane's cannot challenge any such determination.

43.     Claims may also be made on behalf of deceased Eligible Class Members through representatives of their estate or next of kin if documentation is provided demonstrating heirship or estate. Such documentation may include a letter from the estate administrator, a death certificate of the Eligible Class

Member, a document showing relationship between Eligible Class Member and next of kin, and/or a sworn affidavit. The EEOC will have the final authority to determine the validity of claims filed on behalf of deceased Eligible Class Members.

44.    Eligible Class Members who seek to recover monetary compensation must complete and submit the Questionnaire within the EEOC-established deadline provided in the Initial Package. The time may be extended by the EEOC for good cause shown. Any person whose Questionnaire is not timely completed and submitted within the EEOC-established deadline shall be barred from receiving any relief under this Decree or in connection with this action.

45.    All Eligible Class Members who receive monetary relief pursuant to this Decree shall be required, as a condition of receipt, to execute the release attached as **Exhibit A**.

46.    <u>Final Verification of Eligible Class Members</u>. The Claims Administrator shall review Questionnaires timely submitted by Eligible Class Members and notify the EEOC of the Eligible Class Members that it verified meet the criteria set herein in paragraph 42. Only "Verified Eligible Class Members" may receive a monetary award. Eligible Class Members do not have standing to object to their verification determination.

47.    <u>Monetary Award Determination</u>. EEOC shall make the final determination as to the amount of the monetary award for each Verified Eligible Class Member. The EEOC shall be the sole determiner of the amount of monetary relief to be received by any Verified Eligible Class Member under this Decree. Kane's will not participate in or object to EEOC's determinations. Verified Class Members have the right to object to the amount of their monetary awards within the timeframe designated by EEOC.

49.    <u>Notice of Monetary Award</u>. After the EEOC advises the Claims Administrator of monetary awards for each Verified Eligible Class Member, the Claims Administrator will notify all Eligible Class Member (including Eligible Class Members that are not receiving a monetary award) in writing of the following: (1) amount her monetary award, if any; (2) the anticipated date on which EEOC plans to seek Approval of Allocation of Settlement Funds; (3) instructions on how Verified Eligible Class Members can submit objections to the Notice of Monetary Award which the EEOC will submit to the Court as part of its motion seeking Approval of Allocation of Settlement Funds; (4) the deadline for Verified Eligible Class Members to submit objections; and (5) for Notices of Monetary Awards to Verified Eligible Class Member, these notices will include: a Release of Claims (attached hereto as **Exhibit A**), state the requirement and instructions for submitting a signed

14

Release of Claims, the deadline to submit a signed Release of Claims, and notice that failure to timely submit a signed Release of Claims shall make the Verified Eligible Class Member not eligible to receive a monetary award and forever bar her from receiving any relief under this Decree. The Notice of Monetary Award may indicate that the award is subject to review or modification only by the Court.

50. <u>Release of Claims</u>. The Claims Administrator shall provide all original signed releases to Kane's and maintain copies for the EEOC. Prior to providing signed original releases to Kane's, and prior to sending any monetary awards, the Claims Administrator shall review all releases to ensure they are properly executed. In the event that a Release has not been properly executed and proper execution appears possible as determined by EEOC, the Claims Administrator shall contact the Verified Eligible Class Member and attempt to procure a properly executed release. The original signed releases shall be sent to the attention of: Sabarish Neelakanta, at the following address: U.S. E.E.O.C., Miami District Office, 100 S.E. 2nd Street, Suite 1500, Miami, FL 33131.

51. <u>Motion for Approval of Allocation of Settlement Funds</u>. Upon Monetary Award Determination, after the deadline for Verified Eligible Class Members to submit objections to the Notice of Monetary Award, and after the deadline for Verified Eligible Class Members to submit signed

Releases of Claims, EEOC shall file a motion with the District Court seeking approval of the allocation of the Settlement Fund among those Verified Eligible Class Members who have executed and timely returned the Releases of Claims.

52.    The Motion for Approval of Allocation of Settlement Funds shall include (1) a proposed distribution list containing the initials and proposed settlement amount for each Verified Eligible Class Member; (2) a copy of any timely objections; and (3) a copy of any untimely objections, if any.

53.    <u>Award Distributions</u>. After the Court's ruling on the EEOC's Motion for Approval of Allocation of Settlement Funds, the Claims Administrator shall issue and mail any check(s) consistent with the Court's ruling.

54.    <u>Distribution of Any Residual Amount in the Class Settlement Fund</u>. In the event that checks are returned and/or the Settlement Fund is not completely distributed for any reason, EEOC shall direct the Claims Administrator to allocate the remaining funds as back pay to Verified Eligible Class Members on a *pro rata* basis. No funds shall revert back to Defendant.

**TAX TREATMENT OF SETTLEMENT AMOUNT**

55.    <u>The EEOC's reporting requirements under IRC Sections 162(f) and 6050X</u>. The EEOC may be required to report the fact of this settlement to

the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

56.    Defendant's EIN number is: 87-3192064.

57.    The individual(s) to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is/are: Irwin Novak, 5700 70th Ave North, Pinellas Park, 33781.

58.    <u>No Representations or Reliance</u>. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this Decree qualify for a deduction under the Internal Revenue Code.

– – –

## JOB VACANCY NOTIFICATION TO CLASS MEMBERS

59.      The Claims Administrator shall notify each Eligible Class Member that she can apply online for any vacancies at Kane's and that she will be considered along with any other applicants and will not be subjected to either sex discrimination or retaliation for having participated in this lawsuit as a class member.

## INDEPENDENT SUBJECT MATTER EXPERT

60.      Within thirty (30) calendar days of the Effective Date, Kane's shall retain a board-certified labor and employment lawyer that has no prior relationship to Defendant or certified HR Professional with at least fifteen (15) years of experience who is an Independent Subject Matter Expert and notify the EEOC of its selection. EEOC shall have authority to approve or disapprove, which will not be unreasonably withheld, of the Independent Subject Matter Expert. Kane's agrees to pay all costs and fees relating to the Independent Subject Matter Expert.

61.      Among other responsibilities, the Independent Subject Matter Expert shall, at a minimum, provide the following services under this Decree:

      a.  Provide Training to employees, managers, executives and human resources personnel;

    b.  Ensure that an hotline has been established as described in paragraphs 64-67 to receive reports of sex discrimination;

    c.  Consult with Kane's regarding any and all complaints and/or investigations of sex discrimination and proposed responses/resolutions;

62.    The Independent Subject Matter Expert shall also review Kane's hiring data and provide a written report to EEOC and to Kane's on April 15 and October 15 during each year of the Decree making recommendations as to steps Kane's should take to increase its hiring of women in the positions of warehouse associate, delivery driver, and/or delivery assistant. Kane's shall work with the Independent Subject Matter Expert to identify any current or potential issues with regard to their hiring practice and to implement any recommendations to correct made by the Independent Subject Matter Expert.

63.    The Independent Expert may communicate directly with the EEOC.

## HOTLINE

64.    Kane's shall contract with a third-party vendor to establish a hotline to be used by applicants and/or employees to report allegations of sex or any form of discrimination.

66.     Kane's shall contract with the third-party vendor and establish the hotline no later than 90 days from the Effective Date.

67.     Kane's shall distribute the hotline phone number to all personnel and will be posted in Kane's employee intranet and in a physical conspicuous location easily accessible to and commonly frequented by Kane's employees.

## ANTI-DISCRIMINATION POLICY

68.     Kane's must create, maintain, distribute and implement a written anti-discrimination policy (the "Policy") consistent with this Decree.

69.     The Policy shall apply to all Kane's locations, applicants and employees in Florida.

70.  The Policy shall define "prohibited conduct" and explicitly prohibit sex-based discrimination; state that sex-based discrimination will not be tolerated from its officers, executives, managers, employees or customers; explicitly prohibit making employment decisions based on unfounded assumptions about the work people are or are not capable of doing based on the person's sex; explicitly prohibit screening applications for employment based on unfounded assumptions about the work people are or are not capable of doing based on the person's sex; explicitly prohibit making decisions during hiring process based on unfounded assumptions about the work people are or are not capable of doing based on the person's sex or the types of jobs people are or are not supposed to do based on the person's sex.

20

71.     <u>Reporting Sex Discrimination</u>. The Policy shall include a written

procedure for reporting sex discrimination, investigating reports or incidents

of sex discrimination, and responding to and resolving reports or incidents of

sex discrimination.

72.     The procedure for reporting sex discrimination shall, at minimum,

provide the telephone and email address of the individual(s) who employees

and/or applicants should contact to report sex discrimination, including the

contact information for the Hotline.

73.     The procedure for reporting sex discrimination shall state that

Kane's affirmatively prohibits any and all retaliation against employees for

making complaints of violations of Title VII in the workplace and/or

participating in the investigation into violations, regardless of the outcome of

the employees' complaints; and that any Kane's employee found to be

engaging in retaliatory acts in violation of the Policy shall be subject to

discipline, up to and including termination.

74.     The procedure for reporting sex discrimination shall state that

the individual is not required to report discrimination to the alleged

discriminating official(s).

75.     <u>Investigating Sex Discrimination</u>. The written procedure for

investigating reports or incidents of sex discrimination shall set forth, at

minimum, that Kane's will maintain confidentiality of the report and

21

investigation to the extent possible; conduct interviews of the alleged discriminating official(s), witnesses, and the individual who reported the incident; document and maintain any written statements concerning the alleged incidents of sex discrimination; review evidence (such as documents, emails, text messages); consult with the Independent Subject Matter Expert regarding the alleged discrimination and proposed response and resolution; and maintain a written record of the response and resolution of the report or incident of alleged sex discrimination in a centralized database, including investigation notes, statements, and other records, and written record of any coaching or disciplinary action taken.

76.    <u>Responding to & Resolving Sex Discrimination Complaints</u>. The written procedure for responding to and resolving reports or incidents of sex discrimination shall set forth that, at minimum, Kane's will communicate to the reporting individual when the investigation has completed, that the matter is resolved, including any findings made or how it was resolved, state Kane's policy against retaliation; and state that Kane's is committed to not discriminating on the basis of sex and will discipline employees in violation of this Policy, up to and including termination.

77.    The Policy shall require managers to promptly escalate all verbal and written complaints of sex discrimination or incidents of sex discrimination they witness to the Vice President of Human Resources (Chief

People Officer), Human Resources Business Partner (People Operations), or to the Hotline. Kane's shall notify managers that a failure to promptly escalate such complaints may result in discipline up to and including termination.

78.    <u>Distribution of the Policy</u>. Within twenty (20) calendar days of the Policy's adoption, Kane's shall: Distribute copies of the Policy to each of Kane's employees; Distribute a copy of the Policy to each job applicant within ten (10) days of the offer of employment; Keep and maintain the Policy in a conspicuous and accessible place for all employees.

## INTERVIEW AND HIRING PROCESSES

79.    Within one hundred and eighty (180) days the Effective Date, Kane's will review, analyze, and update its Interview and Hiring process to:

    a.  Enhance the hiring process through consistent use and completion of the Interview Checklist;

    b.  ;

    c.  Standardize the interview process to encourage the use of objective criteria at interviews;

    d.  Eliminate interview questions or conversations that are aimed towards discouraging female applicants from

continuing in the interview process for warehouse, delivery driver or delivery assistant positions;

e. Eliminate interview questions or conversations that are aimed towards steering male or female candidates into particular jobs and/or jobs to which they did not apply based on the candidate's sex;

f. Provide guidance to hiring managers as to when and how to ask about an applicant's ability to perform the physical functions of the job. For example, as part of the standardized process hiring managers may walk candidates through the warehouse to observe working conditions and job duties, ask candidates if they can do the job they are observing and/or if they can work in the warehouse environment, ask candidates if they have any experience performing similar jobs or activities in similar environment. Hiring managers should explain to applicants that, to the extent possible, Kane's uses manual and electric moving and lifting equipment to assist with heavy items, and that additional associates may be called to assist as needed.

g. Utilize the Interview Checklist to identify an objective reason for not selecting a candidate for hire.

24

## TRAINING

80.     Training Sessions shall be conducted by the Independent Subject Matter Expert.

81.     The Independent Subject Matter Expert shall utilize written handouts at Training Sessions to aid in presenting the material.

82.     The Independent Subject Matter Expert shall distribute an attendance log that all participants must sign at the start and end of Training Session to confirm attendance throughout the Training Session.

83.     At least three business days before a Training Session, the Independent Subject Matter Expert shall provide to the EEOC a copy of the written handouts he or she intends to use at the Training Session.

84.     Within two weeks after the Training Session, the Independent Subject Matter Expert shall provide to the EEOC the attendance log signed by Training Session attendees.

### Training: Human Resources Officials, Managers, Executives & Officers.

85.     Human Resources Officials shall include, at a minimum, Human Resources Business Partner (People Operations), Human Resources Generalist, Human Resources Coordinator, and First Impressions Ambassador, and any other equivalent positions.

86.     Managers shall include, at minimum, Distribution Center Directors, Delivery Managers, Quality Assurance Managers, Parts Managers, Chair Factory Managers, Shipping/Receiving Managers, RTV managers, Retail Store Managers, Customer Pick-Up Managers, Customer Service Managers, Customer Care Managers, Retail General Managers, Retail Assistant Managers, and any other equivalent positions.

87.     Executives and Officers shall include, at minimum, President and/or Chief Executive Officer, Chief Operating Officer, Vice President of Operations, and Vice President of Human Resources (Chief People Officer), and any other equivalent positions.

88.     To the extent not already covered by paragraphs 85-87 any individual involved in the hiring process for Kane's, such as recruiters or anyone doing interviews or reviewing or screening resumes, must attend the Training Sessions for Human Resources Officials, Managers, and Executives and Officers.

89.     If at any time during this Decree there is a change in Human Resources Officials, Managers, Executives and Officers listed in paragraphs 85-87 above, the Training Sessions shall be attended by the individual(s) placed into the respective positions or who act in similar roles as individuals identified in these paragraphs.

90.     All newly hired Human Resources Officials, Managers, Executives and Officers listed in paragraphs 85-87 above shall attend a Training Session within sixty days of their hire date.

91.     Human Resources Officials, Managers, Executives and Officers shall attend Training Sessions live, in-person, once each calendar year for the duration of the Decree, for a total of three (3) Training Sessions. The first Training Session shall be ninety (90) minutes in length and each Training Session thereafter shall be one hour in length.

92.     The first Training Session shall be within ninety (90) days of the Effective Date.

93.     The Training Sessions for Human Resources Officials, Managers, Executives and Officers shall cover the following:

    a. Explanation of Title VII prohibition of sex discrimination and specifically its prohibition against gender stereotypes in making employment decisions;

    b. Training on the substance and application of Kane's antidiscrimination Policy;

    c. Training on how to use and complete the Interview Checklist;

    d. Training on using hiring tools (such as HireBridge and/or other applicant tracking tools);

27

e.  Training on how to use objective criteria during interviews;

f.  Training on best practices of when and how to ask about an applicant's ability to perform the physical functions of the job; and

g.  Examples of questions that may discourage female applicants from applying for certain positions and should, therefore, be avoided.

h.  Training on identifying instances of sex discrimination and best practices for responding to such incidents.

i.  Training on a managers responsibility to escalate reports or incidents of sex discrimination to the Vice President of Human Resources (Chief People Officer), Human Resources Business Partner (People Operations), the Hotline, and/or the Independent Subject Matter Expert.

j.  Training on best practices for handling, investigating, responding to reports or incidents of sex discrimination, including investigating, maintaining proper documentation, coaching or discipline. This training shall focus but not be limited to best practices related to the hiring process.

k.  Training on Kane's non-retaliation policy.

28

## CENTRALIZED DATABASE & DOCUMENT RETENTION

100.    Within seven (7) days of the Effective Date and throughout

the duration of this Decree, Kane's will maintain the following documents

in a centralized location or database:

> a. Any and all applications, resumes, cover letters, interview
>
>    checklists, interview notes, pre-screening results,
>
>    assessments, and all other documents relating to
>
>    recruitment, interviewing, and hiring for warehouse
>
>    associate, delivery driver and delivery assistant;
>
> b. Any and all data, reports, or documents created or
>
>    compiled in accordance with this Decree;
>
> c. All complaints or reports of sex discrimination, all related
>
>    investigation documents, documents showing the response
>
>    to the complaint or report, including coaching or discipline
>
>    done in response to complaint or report;
>
> d. All training materials and lists of attendees required by
>
>    this Decree.

101.    The Independent Subject Matter Expert may review

Kane's document retention practices under this section to ensure

compliance.

102.    The Independent Subject Matter Expert will report any non-compliance to Kane's and allow fifteen (15) days to cure. Should non-compliance continue, the Independent Subject Matter Expert shall report non-compliance to the EEOC.

## NOTICE

103.    Within ten (10) days after the Effective Date, Defendant shall post a laminated copy of the Notice attached as Exhibit 2 in all of their Florida locations. The Notices shall each be posted in a conspicuous location easily accessible to and commonly frequented by Kane's employees. The Notice shall remain posted for the duration of the Decree, and Kane's shall take reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material. Defendant shall certify to the EEOC in writing within fifteen (15) business days after entry of this Decree that the Notices have been properly posted.

104.    Kane's will distribute this Consent Decree to all company owners, executives, officers, human resources officials, and management employees.

## REPORTING

105.    On March 15 and September 15, annually, Kane's, together with the Independent Subject Matter Expert, shall provide the EEOC with written reports that shall contain:

a. A certification that Kane's has completed all trainings required by the Decree; A certification that the Notices remained posted for the entire period as required by the Decree;

b. A certification that Job Advertisements meet requirements of this Decree;

c. A certification that any complaints or reports of sex discrimination were handled in accordance with the Policy and this Decree, and/or that there were no complaints of any such discrimination.

d. If there are reports or incidents of alleged sex discrimination in recruiting or hiring, Kane's shall provide the EEOC with documents in the Centralized Database pertaining to the complaint or report and the application materials.

e. A certification that Kane's has filed its annual EEO-1 Component 1 reports.

f. A roster of employees hired into positions of warehouse associate, delivery driver and delivery assistance for the relevant reporting period. For each employee Kane's shall provide: their name,

date of hire, position to which individual applied,

position into which individual was hired, sex of

individual.

## ANNUAL FILING OF EEO-1 COMPONENT 1 REPORTS

106.    Kane's will timely file annual EEO-1 Component 1 Reports

containing workforce demographic data, including data by job category and

sex and ethnicity, to the EEOC as required under Section 709(c) of Title VII.

## DISPUTE RESOLUTION

107.    In the event that a party to this Decree believes that the other

party has failed to comply with any provision of this Decree, the complaining

party shall notify the other party in writing of the alleged non-compliance

within fifteen (15) business days of the discovery of the alleged non-

compliance and shall afford the alleged non-complying party fifteen (15)

business days to remedy the alleged non-compliance or to satisfy the

complaining party that the alleged noncomplying party has complied. Kane's

point of contact for any concerns of non-compliance is Ford Harrison c/o Todd

Aidman, 401 East Jackson Street, Suite 2500, Tampa, Florida 33602.

108.    If the alleged non-complying party has not remedied the

alleged non-compliance or satisfied the complaining party that it has

complied within fifteen (15) business days, the complaining party may

apply to the Court for relief.

32

## NOTIFICATION TO SUCCESSORS

109.     During the duration of the Consent Decree, Kane's shall provide

prior written notice to any successor of the EEOC's lawsuit, allegations

raised in the EEOC's complaint, and the existence and contents of this

Decree.

## CONTACT FOR REPORTING TO EEOC

110.     All reports, notices and other documents required hereunder to

be delivered to the EEOC shall be sent to Regional Attorney Kristen Foslid,

Re: Kane's Consent Decree, Equal Employment Opportunity Commission,

Miami Tower, 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131 and

mdoconsentdecreecompliance@eeoc.gov.

## COSTS

111.     Each party to this Decree shall bear its own expenses,

attorney fees, and costs associated with this litigation and the Consent

Decree.

## NO CONDITIONS ON RECEIPT OF RELIEF

112.     Defendant will not condition receipt of individual relief to Ms.

Cross or any Eligible Class Member on an agreement to: (a) maintain as

confidential the terms of this Consent Decree or the facts of the case; (b)

waive their statutory right to file any future charge with any federal or state

antidiscrimination agency that is unrelated to this litigation; or (c) promise

not to reapply in the future for a position, directly or indirectly, with

Defendant.

**SO ORDERED, ADJUDGED AND DECREED, this ____day of 2024.**

JUDGE _____
UNITED STATES DISTRICT JUDGE

AGREED TO:

FOR THE PLAINTIFF, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

By: _Kristen Foslid_    Date: December 14, 2024
Kristen Foslid, Esq.

Regional Attorney for U.S. Equal Employment Opportunity Commission
Florida Bar No. 688681
Miami District Office
Miami Tower, 100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Tel: (305) 808-1789
Fax: (305) 808-1835
E-Mail: kristen.foslid@eeoc.gov

FOR THE DEFENDANT KANE'S FURNITURE:

By: _____    Date: 12/14/24
Irwin Novack

34